## In re FOLLANSBEE BROS. CO.
### No. 18787.

District Court, W. D. Pennsylvania.
Feb. 2, 1937.

Oliver K. Eaton, of Pittsburgh, Pa., for Pittsburgh Bondholders Protective Committee.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for Bondholders Protective Committee.

Bialas & Ryan, of Pittsburgh, Pa., for Common Stockholders Protective Committee.

GIBSON, District Judge.

After a petition under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), had been filed by the debtor, a bondholders protective committee, of which Charles B. Roberts III was chairman, appeared as the representative of holders of bonds of the debtor aggregating some $967,000 in amount.

Thereafter another committee, called the Pittsburgh Bondholders Protective Committee, of which Frederick J. Lind was chairman, intervened on behalf of other bondholders. It asserts that it holds bonds of the debtor to the amount of $600,000. This committee has filed its petition wherein it prays that the deposit agreement of the Roberts Committee be declared of no legal or binding effect upon the parties thereto, and that said committee be restrained from incurring further expense. This petition sets out article IV, section 2, of the Roberts Committee Agreement, as follows:

."Article IV.

"Section 2. When the Committee shall have adopted such a plan, a copy thereof shall be deposited with the Depositary, the First National Bank at Pittsburgh. Notice shall thereupon be given by the Committee to the holders of the certificates of deposit issued hereunder and such plan shall become binding upon all of the said holders who shall not withdraw herefrom (in the manner hereinafter provided), unless the holders of a majority in interest of the said certificates of deposit shall, within ten (10) days after such notice, file with the Depositary their written dissent from the plan. Notice from the Committee to the holders of the certificates of deposit shall be deemed to have been given if mailed, with postage prepaid, to the addresses registered by such holders with the Depositary at the time of depositing the bonds represented thereby. Such registered addresses may from time to time thereafter be changed by a notice in writing, delivered to the Depositary."

The petitioning committee alleges that it holds $510,000 of bonds which have been withdrawn from the Roberts Committee under the terms of the deposit agreement, and that the holders of $49,000 of additional bonds have dissented to the plan of that committee but have not been able to withdraw their bonds owing to the expense incurred. Pointing to the provision of the deposit agreement to the effect that the plan shall become binding upon all parties to the deposit agreement unless a majority thereof shall file a written dissent thereto within ten days after notice of filing, the petitioners claim that the withdrawal of the majority of the bonds originally held by the Roberts Committee was tantamount to the written dissent demanded by the agreement, and that a majority having disapproved of the plan, all certificate holders, or at least all

dissenting certificate holders, should be released from their agreement and allowed to vote their bonds for the plan approved by them.

As to the depositing bondholders who have approved the Roberts Committee plan, it would seem beyond question that they are still entitled to have the committee represent them in this proceeding. As to the dissenting depositors, the petition would undoubtedly require the careful consideration of the court if it had been filed by them instead of a committee with which they have no connection. Those who desire relief should themselves ask for it. The dissenting depositors not having sought relief from their agreement, the court feels that it should not modify its order of October 19, 1936, and require a release of such depositors.